\*\*Origial filed 6/5/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFFREY THOMAS MIZNER, | ) | No. C 05-5283 JF (PR) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE |
| vs. | ) ) | |
| A.P. KANE, Warden, | ) ) | |
| Respondent. | ) ) ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the Board of Prison Terms' ("Board") failure to grant him parole. Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

In 1988, Petitioner was sentenced to twenty-five years-to-life in state prison after his guilty plea to first degree murder in San Diego Superior Court. Petitioner challenges the Board of Prison Terms' failure to grant him parole at his July 27, 2004 parole suitability hearing. Petitioner sought relief by filing a state habeas petition in the state superior court, appellate court and supreme court. All of these petitions were denied as of

Order to Show Cause
P:\pro-se\sj.jf\hc.05\Mizner283osc

1  August 1, 2005.  Petitioner filed the instant federal habeas petition on December 21,
2  2005.

## DISCUSSION

A.  Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

B.  Petitioner's Claims

As grounds for federal habeas relief, Petitioner alleges that: (1) the Board violated Petitioner's right to due process when it denied him parole suitability without any relevant and reliable evidence, acting arbitrarily and capriciously and abusing its discretion in violation of his Fifth and Fourteenth Amendments; and (2) Petitioner's plea is invalid under the Due Process Clause as the state denied his reciprocal benefit. Liberally construed, Petitioner's allegations are sufficient to require a response.  The Court orders Respondent to show cause why the petition should not be granted.

## CONCLUSION

1.  The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on the Petitioner.

2.  Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of

Order to Show Cause
P:\pro-se\sj.jf\hc.05\Mizner283osc

1  all portions of the state parole record that have been transcribed previously and that are
2  relevant to a determination of the issues presented by the petition.

3  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
4  with the Court and serving it on Respondent within **thirty days** of his receipt of the
5  answer.

6  3. Respondent may file a motion to dismiss on procedural grounds in lieu of
7  an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
8  Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file
9  with the Court and serve on Respondent an opposition or statement of non-opposition
10  within **thirty days** of receipt of the motion, and Respondent shall file with the court and
11  serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

12  4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded
13  that all communications with the Court must be served on respondent by mailing a true
14  copy of the document to Respondent's counsel. Petitioner must keep the Court and all
15  parties informed of any change of address by filing a separate paper captioned "Notice of
16  Change of Address." He must comply with the Court's orders in a timely fashion.
17  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
18  to Federal Rule of Civil Procedure 41(b).

19  IT IS SO ORDERED.
20  DATED: 6/5/06        /s/
                          JEREMY FOGEL
21                        United States District Judge

Order to Show Cause
P:\pro-se\sj.jf\hc.05\Mizner283osc

A copy of this ruling was mailed to the following:

Jeffrey Thomas Mizner
D-77100
CTF - Soledad
P.O. Box 689
Soledad, CA  93960-0689

CA State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA  94102-7004

Order to Show Cause
P:\pro-se\sj.jf\hc.05\Mizner283osc